67 F.3d 309
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Edith H. DAHLE, Defendant-Appellant.
 No. 94-30280.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 15, 1995.
Decided Sept. 29, 1995.
 
 Before: SCHROEDER, REINHARDT and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Defendant-Appellant, Edith Dahle, is a citizen of Germany. In August of 1992, she was convicted in the District Court for the District of Oregon for making false declarations to the court and was sentenced to six months home detention and three years probation. In 1994, she admitted to various probation violations, and was sentenced to six months imprisonment and three years supervised release. She has now served the period of incarceration and has been deported. She appeals her sentence on two grounds.
 
 
 3
 First, she contends that the district court, in imposing the six-month prison sentence, was under the misapprehension that it had no discretion other than to impose such a sentence. This contention is belied by the record which reflects that the district court considered and rejected the option of home detention on the ground that it was inappropriate in light of her previous probation violations. Therefore the district court correctly applied 18 U.S.C. Sec. 3565 and U.S.S.G. Ch. 7 when it sentenced appellant to six months imprisonment and three years of supervised release.
 
 
 4
 Appellant's second contention is that the district court inappropriately considered her status as an illegal alien when it imposed the sentence. She relies on the principle that a district court may not impose a disproportionately harsh sentence solely because of a defendant's alien status. See U.S.S.G. Sec. 5H1.10; United States v. Borrero-Isaza, 887 F.2d 1349, 1355 (9th Cir.1989). She raises this argument for the first time on appeal. It is clear from the record, however, that while the district court was clearly aware of the alien's status and her imminent deportation, its consideration of that status did not affect any of her substantial rights. United States v. Olano, --- U.S. ----, 113 S.Ct. 1770, 1776-79 (1993). The district court imposed the sentence that it did as a result of the appellant's own record of probation violations.
 
 
 5
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3